**James A. AYRES, Plaintiff,**

v.

**John T. EGGERS, et al., Defendants.**

**No. 4:CV91–3088.**

United States District Court, D. Nebraska.

July 2, 1992.

James R. Ayres, plaintiff pro se and Richard C. Reier, Knudsen, Berkheimer, Richardson & Endacott, Law Firm, Lincoln, Neb., for plaintiff.

Laurie S. Camp, Atty. Gen., Lincoln, Neb., for defendants.

## MEMORANDUM AND ORDER ON APPEAL FROM ORDER OF U.S. MAGISTRATE JUDGE

URBOM, Senior District Judge.

The defendants have appealed the order of United States Magistrate Judge David L. Piester dated April 7, 1992, regarding the plaintiff's in forma pauperis status.

I find that the magistrate judge's decision is neither contrary to law nor clearly erroneous, which is the standard set by 28 U.S.C. § 636(b)(1)(A).

IT THEREFORE IS ORDERED that the appeal from the order of U.S. Magistrate Judge, filing 37, is denied.

## MEMORANDUM AND ORDER

PIESTER, United States Magistrate Judge.

Before me is the question of whether a prisoner who is proceeding in this action *in forma pauperis* with appointed counsel should be permitted to continue in that capacity after having received a substantial sum in settlement of an unrelated tort action.

The plaintiff is a prisoner at the Nebraska State Penitentiary. This case was filed at a time when he was receiving an average monthly income in his prison trust account of $41.75, for the six months preceding the filing of the case. He was permitted to proceed *in forma pauperis*, subject to the payment of a partial filing fee of $10.25. That fee was later paid, and, because of the nature of the plaintiff's claims and the difficulty of presenting them to the court, counsel was appointed to represent him, pursuant to the court's inherent authority.

Plaintiff's original claims in this action concerned the deprivation of property without due process of law, lack of due process in a disciplinary proceeding, use of excessive force against him, and denial of adequate medical treatment. Certain claims were later withdrawn, and the case is now proceeding against four defendants on the excessive force claim. The defendants demanded a trial by jury, after which counsel was appointed to represent the plaintiff. See, *Abdullah v. Gunter*, 949 F.2d 1032 (8th Cir.1991), *Pet. for Cert. Filed* (Mar. 12, 1992) (No. 91–1494). The defendants filed a motion for summary judgment, which is presently pending, and a motion asking the court to review the plaintiff's *in forma pauperis* status.

Several months after the filing of this lawsuit the plaintiff received a settlement from a vehicular accident in which he suffered permanent injuries to his back. The total amount of the settlement was $125,-000.00, of which the plaintiff received $30,-000.00. Defendants claim that the plaintiff should not be permitted to proceed in this action *in forma pauperis*, with appointed counsel, when his resources include such a sizeable sum of money.

Plaintiff, on the other hand, argues that the $30,000.00 which he received is to be used to pay future medical expenses for his back injury; that he has been diagnosed with cancer and penitentiary officials have advised him that the penitentiary doctors disagree with that diagnosis and that the penitentiary, therefore, will not pay for treatment; and third, that he is responsible for supporting a four-year old son, who presently lives with his mother and receives welfare benefits.

■ Whether to allow an indigent litigant to proceed *in forma pauperis*, is a matter within the court's discretion. See, 28 U.S.C. § 1915. In the criminal context, when a defendant has assets from which at least a portion of his attorneys fees may be paid, a statutory provision allows for the court to make further examination into that matter at the conclusion of the case.

See, 18 U.S.C. § 3006A(f). There is no similar provision in the civil statute authorizing litigants to proceed *in forma pauperis,* but I conclude that in the exercise of discretion, such a course would be appropriate in this instance. It is not the object of the court to require a litigant to spend his last dollar in supporting litigation in order to qualify for *in forma pauperis* status. On the other hand, if the litigant does not in fact use the monies which are available to him for the purposes for which they are said to be reserved, they ought to be available to pay legal expenses and attorneys fees.

It is not known, of course, at this point how long this litigation may last, or what fees and expenses may be incurred. It may well be, however, that by the time this litigation ends, there will be more facts known regarding whether the plaintiff has in fact established some kind of a trust fund or otherwise transferred some of his funds to his son; whether the plaintiff has received additional opinions regarding the diagnosis of his cancer, and if so, what treatment has been received at his expense and what treatment may then remain to be received, at his expense; and whether in fact the plaintiff has required additional treatment for his back condition, for which he has been required to pay directly. In addition, at that time there may be a clearer picture available as to the length of the plaintiff's expected incarceration as it may relate to his medical condition and the need to pay for projected treatment.

At this point in the progression of the case it appears that the only costs which have been waived are the filing fee and the costs of service upon the four defendants. That sum is not yet substantial. I note that at the present time the Federal Practice Fund created under the local rules of this court has resources available to advance the costs for necessary discovery and litigation expenses in this case, so the plaintiff's appointed counsel will not be required to advance those costs. In the event of a plaintiff's recovery, those expenses would be reimbursed to the Federal Practice Fund. In addition, plaintiff's counsel would be eligible to receive attorneys fees as a "prevailing party" under 42 U.S.C. § 1988. In the event the plaintiff does not recover, however, if there remains available to the plaintiff part of the settlement sum which has not theretofore been used or reserved to be used for the purposes set forth in plaintiff's affidavit filed herein, plaintiff will be directed to pay his attorneys at least part of their fees incurred in the representation of him in this case.

While I permit the plaintiff to "spend down" the $30,000.00 he received in the settlement for the purposes of medical treatment for his back, medical treatment for his cancer, and establishing a support fund for his son, I do not by this order intend to permit the plaintiff to squander this fund on other causes or uses. I shall direct that the plaintiff keep the fund intact, except for these three purposes, and that all spending from the fund be documented to adequately assure the court that any spending is in fact for only one of these three purposes. In the event that the plaintiff wishes not to agree to these conditions, he may notify the court and thereupon, leave to proceed *in forma pauperis* will be withdrawn and counsel discharged. In the event that he does not wish to agree to these conditions, he may so notify the court immediately. In the absence of such notification, however, the court will expect to receive, by filing, documentation concerning any spending from the $30,000.00 fund, and in the event that any such spending is for other than one of the three purposes set forth above, such spending will be regarded as an indication that the fund is not being reserved for the three purposes described by the plaintiff and is, instead, available for use by the plaintiff for paying the expenses of this lawsuit. In that event, leave to proceed *in forma pauperis* will be promptly revoked and counsel discharged, with the direction that plaintiff pay the costs and expenses, including attorneys fees, theretofore incurred.

IT THEREFORE HEREBY IS ORDERED, the defendants' motion requesting the court to review the plaintiff's *in forma pauperis* status, filing 27, is grant-

ed, and upon such review, the court imposes the conditions set forth in this memorandum.

Dated April 7, 1992.